UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Laureen Cay Barghini,

      Plaintiff,

v.                                                                                                            Civil No. 14-297 (JNE/HB)
                                                                          ORDER

Anoka County, City of Bloomington,
City of Brainerd, City of Brooklyn Park,
City of Burnsville, City of Champlin,
Dakota County, Dakota Communications
Center, City of Edina, City of Farmington,
Hennepin County, City of Hopkins, City
of Minneapolis, City of Minnetonka, City
of Mound, City of New Brighton, City of
North St. Paul, Ramsey County, City of
Robbinsdale, City of Rochester, City of
St. Paul, Stearns County, City of White Bear
Lake, Wright County, Michael Campion,
Ramona Dohman, John and Jane Does (1-250),
Entity Does (1-50), Department of Public
Safety Does (1-30),

      Defendants.

Plaintiff Laureen Cay Barghini filed this action alleging impermissible retrievals by local law enforcement personnel and other public employees of her private motor vehicle record data maintained by the Minnesota Department of Public Safety ("DPS"). Barghini's complaint is one of multiple analogous complaints recently filed in this district and centered around alleged violations of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721 *et seq.  See Roschen v. Wabasha County*, Civ. No. 13-2490, 2014 U.S. Dist. LEXIS 87005, at *8 n.4 (D. Minn. June 26, 2014) (citing examples and noting that many of the complaints have been dismissed in whole or in part).  Barghini's complaint alleges that employees of each of the 24 named entity Defendants accessed her private information without a proper purpose between 2003 and 2012.  The number of accesses

by each entity varied from one to 34 times during that time period.[1]  The complaint also names the former and current DPS Commissioners, Michael Campion and Ramona Dohman, as Defendants.

According to her complaint, "Barghini is a radio personality on MyTalk 107.1, which airs in the Minneapolis-St. Paul Area and is podcasted, thus accessible worldwide."  Compl. ¶ 46.  She regularly interacts with celebrities on the radio and has been hosting a show called the "Lori and Julia" show for twelve years.  *Id*. ¶¶ 48-49.  She has been featured in newspaper and magazine articles and her professional image has appeared in several advertisements promoting the "Lori and Julia" show.  *Id*. ¶¶ 50-51.  The complaint alleges that Barghini has never been charged with or suspected of committing a crime in the cities and counties represented by each entity Defendant.  It also alleges that she has never been involved in any civil, criminal, administrative, or arbitral proceedings involving Defendants and disclaims the existence of any legitimate reason for their retrievals of her personal information.  Based on her allegations of the impermissible retrievals of her private data, Barghini's complaint asserts one count for violations of the DPPA, three counts pursuant to 42 U.S.C. § 1983, and a count for state law invasion of privacy.

---

[1]    The complaint alleges the following retrieval numbers for each entity Defendant: Anoka County – 1, Compl. ¶ 65; City of Bloomington – 34, *id*. ¶ 69; City of Brainerd – 2, *id*. ¶ 73; City of Brooklyn Park – 2, *id*. ¶ 77; City of Burnsville – 10, *id*. ¶ 81; City of Champlin – 1, *id*. ¶ 85; Dakota County – 11, *id*. ¶ 89; Dakota Communications Center – 1, *id*. ¶ 93; City of Edina – 1, *id*. ¶ 97; City of Farmington – 3, *id*. ¶ 101; Hennepin County – 18, *id*. ¶ 105; City of Hopkins – 2, *id*. ¶ 109; City of Minneapolis – 21, *id*. ¶ 113; City of Minnetonka – 15, *id*. ¶ 117; City of Mound – 3, *id*. ¶ 121; City of New Brighton – 1, *id*. ¶ 125; City of North St. Paul – 1, *id*. ¶ 129; Ramsey County – 11, *id*. ¶ 133; City of Robbinsdale – 1, *id*. ¶ 137; City of Rochester – 2, *id*. ¶ 141; City of St. Paul – 2, *id*. ¶ 145; Stearns County – 2, *id*. ¶ 149; City of White Bear Lake – 10, *id*. ¶ 153; and Wright County – 1, *id*. ¶ 157.

All named Defendants have moved to dismiss Barghini's complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or for judgment on the pleadings, pursuant to Rule 12(c). *See* ECF Nos. 23, 28, 34, 44, 45, 49, 62, 67, 84, 100. Many have requested severance of the claims against them in the alternative. Those motions are presently before the Court. The issues raised by the motions have been extensively discussed in connection with other DPPA cases and need not be repeated in detail here.

Barghini's complaint fails to state a DPPA claim against any Defendant. Her DPPA claims based on retrievals of her data that occurred more than four years before the filing of her complaint on January 31, 2014, are barred by the applicable statute of limitations. *See Potocnik v. Carlson*, Civ. No. 13-2093, 2014 U.S. Dist. LEXIS 38018, at *22-34 (D. Minn. Mar. 24, 2014); *Kost v. Hunt*, 983 F. Supp. 2d 1121, 1126-30 (D. Minn. 2013). Her DPPA claims against the DPS Commissioners stem from her allegations that they failed to adequately control and monitor access to her private data, but such allegations fail to state a violation of the DPPA. *See Kendall v. Anoka County*, Civ. No. 14-247, 2014 U.S. Dist. LEXIS 111781, at *12-14 (D. Minn. Aug. 13, 2014); *Kiminski v. Hunt*, Civ. No. 13-185, 2013 U.S. Dist. LEXIS 157829, at *9-25 (D. Minn. Sept. 20, 2013). For any remaining claims, the allegations of Barghini's complaint are not materially distinguishable from those of the news anchor and sports reporter whose claims were dismissed in *Mitchell v. Aitkin County*, Civil No. 13-2167, 2014 U.S. Dist. LEXIS 27089 (D. Minn. Mar. 4, 2014). Those claims will be dismissed for the reasons stated in *Mitchell*.

Barghini's § 1983 and state law claims also cannot survive Defendants' motions to dismiss. The complaint alleges § 1983 claims for alleged violations of Barghini's rights under the DPPA as well as the Fourth and Fourteenth Amendments. The DPPA forecloses enforcement of any rights created by it via § 1983 and the alleged retrievals of Barghini's motor vehicle record data do not amount to violations of her constitutional rights. *See Potocnik*, 2014 U.S. Dist. LEXIS 38018, at *34-48; *Kiminski*, 2013 U.S. Dist. LEXIS 157829, at *25-42. Mere retrievals of motor vehicle record data also do not meet the threshold of offensiveness necessary for a viable invasion of privacy claim. *See Bass v. Anoka County*, Civ. No. 13-860, 2014 U.S. Dist. LEXIS 21846, at *21-23 (D. Minn. Feb. 21, 2014).

Therefore, Defendants' motions will be granted.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant Anoka County's motion to dismiss [ECF No. 23] is GRANTED.

2. The motion to dismiss of Defendant Cities of Bloomington, Brainerd, Brooklyn Park, Burnsville, Champlin, Farmington, Hopkins, Minnetonka, Mound, New Brighton, North St. Paul, Robbinsdale, Rochester, and White Bear Lakes and Dakota Communications Center [ECF No. 28] is GRANTED.

3. Defendant Hennepin County's motion to dismiss [ECF No. 34] is GRANTED.

4. Defendant City of St. Paul's motion to dismiss [ECF No. 44] is GRANTED.

5. Defendant Ramsey County's motion to dismiss [ECF No. 45] is GRANTED.

6. Defendant Dakota County's motion to dismiss [ECF No. 49] is GRANTED.

7. Defendant City of Minneapolis's motion to dismiss [ECF No. 62] is GRANTED.

8. The motion to dismiss of Defendants Stearns County and Wright County [ECF No. 67] is GRANTED.

9. Defendant City of Edina's motion for judgment on the pleadings [ECF No. 84] is GRANTED.

10. Defendants Michael Campion and Ramona Dohman's motion to dismiss [ECF No. 100] is GRANTED.

11. Counts II, III, IV, and V of Plaintiff's Complaint are DISMISSED with prejudice as to all Defendants.

12. Count 1 of Plaintiff's complaint against Defendants Michael Campion and Ramona Dohman is DISMISSED with prejudice. For all other Defendants, Count I is DISMISSED with prejudice as to all claims based on retrievals of Plaintiff's protected data prior to January 31, 2010, and otherwise without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 28, 2014

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge